```
            UNITED STATES DISTRICT COURT
             DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| EDWARD SCOTT YANCEY,<br><br>    Petitioner,<br><br>v.<br><br>WARDEN, FMC DEVENS,<br><br>    Respondent. | No. 22-cv-11790-DLC |

**MEMORANDUM AND ORDER ON RESPONDENT'S MOTION TO DISMISS PETITION**

CABELL, U.S.M.J.

I. **INTRODUCTION**

Petitioner Edward Scott Yancey is presently serving a 196-month federal term of imprisonment. Contending that the Bureau of Prisons ("BOP") has erroneously over-calculated the amount of time remaining on his sentence, he petitions the court pursuant to 28 U.S.C. § 2241 for a writ directing the BOP to correct its error. At the time he filed the petition Yancey was incarcerated at the Federal Medical Center Devens ("FMC Devens") in Ayer, Massachusetts, and he presumably named the Warden at FMC Devens as the respondent for that reason. Shortly after filing the petition, however, Yancey was transferred to the BOP's Federal Correctional Institution in Seagoville, Texas ("FCI Seagoville"). The respondent contends that this transfer divests the court of jurisdiction to adjudicate Yancey's petition, because a section

2241 petitioner seeking to correct a sentence must litigate their claim in the district where they are being held, in this case now the Northern District of Texas.  The respondent accordingly moves to dismiss for lack of jurisdiction; the petitioner opposes.  For the reasons stated below, the court finds that the petitioner's post-filing transfer out of the District of Massachusetts does not affect this court's jurisdiction to hear his petition, and therefore denies the motion to dismiss.

## II.  **RELEVANT BACKGROUND**

Following guilty pleas in two separate federal matters in the United States District Court for the Southern District of Mississippi, Yancey was sentenced to a 16-month term of imprisonment to be followed by a consecutive 180-month term of imprisonment, the term he is presently serving.  (Dkt. No. 1, Petition, ¶¶ 12, 17).

While his first federal case was pending, the State of Mississippi indicted the petitioner for failure to register as a sex offender and three instances touching of a child for lustful purposes.  (Dkt. No. 1, ¶¶ 7, 10).  The petitioner eventually pleaded guilty to two charges of touching a child for lustful purposes and received a prison sentence of 14 years on both, concurrent with each other and with his federal sentences.  (Dkt. No. 1, ¶ 18).

On November 8, 2010, Mississippi state officials released the petitioner to federal officials, with the BOP designating this date as the start date for the petitioner's aggregate federal sentences. (Dkt. No. 1, ¶¶ 19-20). The BOP also credited the petitioner with 238 days of "Willis" credit[1] for time he spent in pre-sentence custody. (Dkt. No. 1, ¶21). Contending that the correct start date for his sentence was almost two years earlier, January 5, 2009, or, in the alternative, that he was entitled to additional Willis credit, the petitioner challenged his sentence calculation through the BOP administrative remedy program. (Dkt. No. 1, ¶¶ 23, 26-30). The BOP subsequently removed 235 days of Willis credit from the petitioner's sentence calculation while the review process was ongoing. (Dkt. No. 1, ¶ 24).

Unsatisfied with the BOP's determination, which effectively lengthened rather than shortened his sentence, the petitioner filed this petition on October 20, 2022. (Dkt. No. 1). The petitioner was incarcerated at the time at FMC Devens, but the BOP transferred him to FCI Seagoville about a month later, on November 18, 2022, reportedly because the petitioner failed out of a program

---

[1] Willis credit is available when "the federal and non-federal terms [of an inmate's incarceration] are concurrent and the Raw EFT of the non-federal term is equal to or less than Raw EFT of the federal sentence. Prior custody credits shall be given for any time spent in non-federal presentence custody that begins on or after the date of the federal offense up to the date that the first sentence begins to run, federal or non-federal." BOP P.S. 5880.28, *Sentence Computation Manual*, p. 1 - 22. EFT stands for "effective full term," the full length of the sentence without any potential time credits. *Tacetta v. Fed. Bureau of Prisons*, 606 F. App'x. 661, 664 (3d Cir. 2015).

3

offered at FMC Devens.  (Dkt. No. 1, ¶¶ 2-3; Dkt. No. 12-1, Declaration of Cheryl Magnusson, ¶ 3; Dkt. No. 16, Notice of Redesignation).  The respondent filed the instant motion to dismiss the same day.  (Dkt. No. 11).

### III. DISCUSSION

Under section 2241, district courts may only grant habeas relief "within their respective jurisdictions."  28 U.S.C. § 2241(a).  The court issuing a writ must have jurisdiction over the petitioner's immediate custodian, generally their warden. *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004).  Here, the petitioner was incarcerated in the District of Massachusetts at FMC Devens at the time of filing, and he named that facility's warden as the respondent.  Consequently, jurisdiction was initially proper and attached at the time of filing, a proposition neither party disputes.  At issue here is whether the court properly retained or lost jurisdiction over the petition when the BOP transferred the petitioner to a BOP facility outside the District of Massachusetts.

In arguing for the loss of jurisdiction, the respondent argues that this court would be unable to afford any relief to the petitioner because the court "has no reason to believe that any respondent within its jurisdiction could carry out an order" effecting the relief sought.  (Dkt. No. 12, Respondent's Memorandum in Support of its Motion to Dismiss, p. 3).  In response, the

4

petitioner argues that the BOP remains within the district and retains legal authority to effectively respond to an order on the petition.  (Dkt. No. 14, Petitioner's Opposition to Motion to Dismiss, p. 2).  Legal precedent favors the petitioner's position.

In *Ex parte Endo*, 323 U.S. 283 (1944), the Supreme Court considered the effect on a federal district court's jurisdiction of a habeas petitioner's transfer to another district while the petition was pending.  The petitioner, a Japanese-American citizen interned in California by the War Relocation Authority ("WRA"), properly filed a petition challenging her detention before being moved to Utah.  *Endo*, 323 U.S. at 304-06.  The Court held that the district court in California could continue to exercise jurisdiction even after Endo was transferred to Utah because an official with the authority to carry out any court order remained within the California court's jurisdiction.  *Id.*  Accordingly, *Endo* stands for the proposition "that when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  *Padilla*, 542 U.S. at 441.

Although the First Circuit has not yet addressed this issue, *see Fox v. Warden, FCI Berlin*, No. 21-cv-158-SE, 2022 WL 1085311, at \*3 (D.N.H. Apr. 11, 2022), nine other circuit courts have, and

5

all have concluded based on *Endo* and/or its progeny that a prisoner's transfer after a district court's jurisdiction attaches does not defeat jurisdiction over a habeas corpus petitioner as long as there remains in the district a respondent who can effectuate any court order. *See McGee v. Martinez*, 490 F. App'x 505, 506 (3rd Cir. 2012); *Lennear v. Wilson*, 937 F. 3d 257, 263 n.1 (4th Cir. 2019); *Owens v. Roy*, 394 F. App'x 61, 62-63 (5th Cir. 2010); *White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002); *In re Hall*, 988 F. 3d 376, 378-79 (7th Cir. 2021); *Harris v. Ciccone*, 417 F.2d 479, 480 n.1 (8th Cir. 1969); *Johnson v. Gill*, 883 F. 3d 756, 761 (9th Cir. 2018); *Pinson v. Berkebile*, 604 F. App'x 649, 652-53 (10th Cir. 2015); *Chatman-Bey v. Thornburgh*, 864 F. 2d 804, 806 n.1 (D.C. Cir. 1988).

In light of this compelling and persuasive precedent, the court finds that it retains jurisdiction to adjudicate Yancey's petition notwithstanding his transfer to a BOP facility outside the district.  As noted, there is no dispute that the court properly acquired jurisdiction at the time Yancey filed the petition challenging the BOP's computation of his sentence, and the BOP continues to operate within the district, meaning there remains an official within the district who may carry out any order the court may issue.[2]

---

[2] To be sure, and as the respondent notes, at least one court in this district has found that a habeas petitioner's transfer to another district did divest

6

**IV.     CONCLUSION**

For the foregoing reasons, the respondent's motion to dismiss is DENIED.[3]

<u>So ordered.</u>                                   /s/ Donald L. Cabell
                                            DONALD L. CABELL, U.S.M.J.

DATED: July 7, 2023

---

the court of jurisdiction where there was less than clear evidence that an official with custody over, or legal authority to release the petitioner remained in the district following their transfer. *See Gonzalez v. Grondolsky*, 152 F. Supp. 3d 39 (D. Mass. 2016). At least two other courts, including this one, have also cited to *Gonzalez* in ruling similarly. *See Robinson v. Spaulding*, No. 19-cv-11393-ADB, 2022 WL 2080142, at *3 (D. Mass. June 9, 2022); *Bostic v. Spaulding*, 483 F. Supp. 3d 19, 25 (D. Mass. 2020). The court is satisfied here that a BOP official with pertinent authority to carry out any court order remains in the district.

[3] The respondent notes in its memorandum that it "reserves the right to raise all defenses, including failure to exhaust administrative remedies, should this motion be denied." (Dkt. No. 12, p. 3 n.3). In the court's view, though, it would appear that the respondent has waived any further argument on the defenses enumerated in Federal Rule of Civil Procedure 12(b)(2)-(5) by not asserting them in this motion. Fed. R. Civ. P. 12(g)(2), (h)(1); see also Fed. R. Civ. P. 81(a)(4) (Federal Rules of Civil Procedure "apply to proceedings for habeas corpus" absent exceptions not applicable here).

7